RECEIVED
IN ALEXANDRIA, LA.

SEP 1 0 2013

TONY R. MOORE, CLERK
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| LLOYD FLANNER | : | DOCKET NO. 3:11-0940 |
| VS. | : | JUDGE TRIMBLE |
| CHASE INVESTMENT SERVICES CORP., | : | MAGISTRATE JUDGE HAYES |

### MEMORANDUM RULING

Before the court is "Defendant's Motion for Partial Summary Judgment on the Issue of Damages" (R. #22) wherein defendant, J.P. Morgan Securities LLC, successor to Chase Investment Services Corp. (referred to as "JPMS") moves the court for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Chase maintains that plaintiff failed to mitigate his damages by inappropriate conduct sufficient to cause his subsequent employer to terminate him, and consequently seeks an order from this court to limit plaintiff's damages. Plaintiff opposes the motion.

### FACTUAL STATEMENT

Plaintiff, Lloyd Flanner was employed as a Financial Advisor from August 2003 until August 9, 2010.[1] JPMS hired Flanner when he was 52 years old.[2] On August 9, 2010, Flanner was terminated for violating JPMS' Code of Conduct Section 6.2 which prohibits employees from

---

[1] JPMS exhibit A attached to motion for summary judgment ( R. #21), Flanner depo. p. 49, 70, 182.

[2] Id., p. 53.

loaning money to customers.[3]

Shortly after his termination, Flanner went to work for Edward Jones as a Financial Advisor in October 2010; this job was comparable to the job he had at JPMS. At both employers, Flanner was paid a commission based on a percentage of his sales of financial products such as stocks, bonds, mutual funds, annuities and life insurance.[4] Flanner testified that he was as successful at Edward Jones as he was at JPMS.[5] Flanner testified that he was paid a higher commission rate at Edward Jones's'.[6]

Due to several alleged instances of inappropriate conduct, Edward Jones terminated Flanner's employment on August 3, 2012.[7] JPMS maintains that because Flanner failed to mitigate his damages by failing to make a reasonably diligent and good faith effort to maintain his employment as a Financial Advisor with Edward Jones, any award for back pay in this case should be limited to the date of his termination from Edward Jones.

Implicit in the motion for partial summary judgment is the issue of whether or not the plaintiff caused his termination by inappropriate conduct as claimed by defendant and presumably by Edward Jones. The evidence before the court on that issue is not undisputed and the court feels it raises an issue of fact which should be decided by the jury in this case. For this reason, the court

---

[3] Id., pp. 181-182; JPMS exhibit B attached to motion for summary judgment (R. #21), Nowak Depo. p. 59 and exhibit 17 attached thereto.

[4] JPMS exhibit 1, Flanner depo. p. 10, 12.

[5] Id., p. 240-41.

[6] Id., p. 245.

[7] JPMS exhibit 2, Flanner depo. p. 9-10.

2

feels compelled to deny the motion for partial summary judgment with regard to limitation of damages to the date plaintiff's termination by Edward Jones.

Prior to the trial of this case, the court feels it necessary to be informed concerning any limitations on the plaintiff's right to recover damages. Specifically, the court was surprised by defendant's motion being limited to terminating damages as of the date of plaintiff's termination from Edward Jones rather than as of the time he commenced employment with Edward Jones in a comparable job for comparable compensation. Accordingly, the court will order the parties to submit briefs simultaneously on the issue of whether or not damages would be recoverable by Mr. Flanner beyond the inception of his employment with Edward Jones or whether his right to damages would continue as long as his employment continued.

## **CONCLUSION**

For the reasons set forth above, the court will deny JPMS' motion for partial summary judgment.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of September, 2013.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE